People v McDonald (2025 NY Slip Op 06664)

People v McDonald

2025 NY Slip Op 06664

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Ind No. 2025/14|Appeal No. 5266|Case No. 2019-4036|

[*1]The People of the State of New York, Respondent,
v
Tara McDonald, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Tomoeh Murakami Tse of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Colangelo of counsel), for respondent.

Order, Supreme Court, New York County (Stephen Antignani, J.), entered on or about March 8, 2019, which adjudicated defendant a level one sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's as-applied substantive due process challenge to the requirement that she register as a sex offender is unavailing. Notwithstanding that it is undisputed that there was no sexual component to defendant's conduct, motive, or her underlying mental illness, defendant's repeated conduct, which targeted infants in strollers, and consisted of attempting to take the infants from their caregivers based on a psychotic misperception that the babies were at risk of suffocation, carried with it the risk of sexual harm to the children (see People v Knox, 12 NY3d 60, 68 [2009], cert denied 558 US 1011 [2009]). Defendant's conduct was very similar to the conduct found to require sex offender registration in Knox, where "[t]aking the child was [the defendant's] objective and if [the defendant] had been successful in her attempt to kidnap and remove the child 'from the safety of everyday surroundings,' the child indeed could have been left vulnerable to sex abuse or exploitation" (cf. People v Brown, 41 NY3d 279, 287 [2023]). This is not one of the unusual cases in which the circumstances provide no reason to believe that the defendant will engage in sexual misconduct or non-sexual conduct that correlates with higher risk of sexual harm to a child (see id. at 288-289). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025